# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| FRANK DAVIS, | : | |
| Plaintiff, | : | Case No. 3:08cv0412 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| THE CLARK COUNTY BOARD OF<br>COMMISSIONERS, *et al.*, | : | |
| | : | |
| Defendants. | | |

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS[1]

This matter is before the Court upon Plaintiff's objections (Doc. #30), as amended (Doc. #31),[2] to this Court's original Report and Recommendations dated November 16, 2009. (*See* Doc. #29).

Among the challenges raised by Plaintiff's objections is an argument that the original Report and Recommendations failed to recognize and address his separate federal claim for a violation of the Fourth Amendment in the form of the unlawful search and seizure itself. (Doc. #31 at 2-4). This Supplemental Report

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Supplemental Report and Recommendations.

[2]Due to Plaintiff's representation that his Amended Objections vary from the original Objections only in correcting typographical errors and modifying paragraph locations (*see* Doc. #31 at 1), future references herein will be limited to those Amended Objections.

and Recommendations is issued for the sole purpose of addressing Plaintiff's objection on that basis, and thus incorporates the original Report and Recommendations in all other respects.

**Plaintiff's Unlawful Search and Seizure Claim**

Claim V of Plaintiff's complaint states as follows, in pertinent part:

> Detective Nourse, while acting under color of state law, entered upon Plaintiff's property on November 23, 1998, and seized personal property, including but not limited to currency, in violation of the Fourth, Fourteenth and Fifth Amendments . . .

(Doc. #3 at 6, ¶28). In his objections, Plaintiff suggests that this allegation sets forth "a cause of action independent of a 1983 claim" for unlawful search and seizure that was not addressed by the Court's original Report and Recommendation. (Doc. #31 at 2).

The constitutional right against unreasonable searches and seizures is violated when an action "attributable to the government" that amounts to a search or seizure for Fourth-Amendment purposes was unreasonable under the circumstances. *Evers v. Leis*, 556 F.3d 484, 497 (6th Cir. 2009) (citing U.S. Const. amend. IV). A warrant issued upon probable cause generally is required for a search or seizure to be deemed "reasonable." *Id*. The record demonstrates that an Ohio appellate court determined that no probable cause existed for the search

of Plaintiff's home.  *See State v. Davis*, 166 Ohio App. 3d 468, 473 (2006).

Accordingly, that search and the resulting seizure of property already have been adjudicated to have been unreasonable.

Although Plaintiff's reliance on *Bivens* (*see* Doc. #31 at 2) is misplaced here,[3] it does appear that Plaintiff has articulated a viable claim under Section 1983 for unlawful search and seizure in violation of the Fourth Amendment.  The Court thus must consider that additional claim omitted from its first Report and Recommendation, beginning with an examination of when the search and seizure cause of action accrued for statute of limitations purposes.

As noted in the original Report and Recommendations, Section 1983 actions are subject to the statute of limitations governing personal injury torts in the state where the alleged violation occurred.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Ohio, the applicable limitations period is the two years provided by Ohio Rev. Code § 2305.10.  *Browning v. Pendleton*, 869 F.2d 989, 992 (1989).

---

[3]In *Bivens v. Six Unknown Named Agents*, 403 U.S. 398 (1971), the Supreme Court recognized a private right of action against <u>federal</u> law enforcement officers who were not "acting under color of state law" in conducting an unconstitutional search and seizure and thus were not subject to liability under 42 U.S.C. § 1983.  Because Defendant Nourse is identified as a detective with the Springfield Police Department (*see* Doc. #3 at 3, ¶C) who allegedly <u>was</u> "acting under color of state law" (*see id.* at 6, ¶28), *Bivens*' "independent" cause of action is inapposite here.  *See Browning v. Pendleton*, 844 F.2d 789 [table], 1988 WL 31141, at *1 (6th Cir. Apr. 8, 1988).  Nevertheless, the Court notes that the accrual, statute of limitations and tolling findings that follow presumably would apply to any such action as well.  *See, e.g., Pethel v. Washington County Sheriff's Office*, No. 2:06-cv-799, 2007 WL 2359765, at **5-9 (S.D. Ohio Aug. 16, 2007) (applying same analyses to Section 1983 and *Bivens* claims).

However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388 (emphasis in original). Typically, the statute of limitations for filing an action alleging a constitutional violation begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). "[I]n determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Id.* (additional citations omitted).

Plaintiff contends that he did not discover that the search of his property was legally defective until the appellate court issued its ruling on September 29, 2006. (Doc. #17 at 5; *see Davis*, 166 Ohio App. 3d at 478). That contention, however, has no effect on the date that his cause of action for that intrusion accrued. "A cause of action accrues as soon as the plaintiff knows or should have know of the actual injury, regardless of when the plaintiff learns that the conduct at issue may constitute 'an actionable wrong.'" *Stanley v. Malone*, No. 2:07-cv-694, 2009 WL 485491, at * 5 (S.D. Ohio Feb. 26, 2009) (Holschuh, J.) (citations omitted). In instances of unlawful search and seizure, then, the cause of action accrues

4

when the injured person becomes aware that the search and property seizure occurred, <u>not</u> when the warrant is legally adjudicated to have been defective.  *See id*.  In Plaintiff's case, that accrual date apparently would fall on or shortly after November 23, 1998, the date on which Detective Nourse entered Plaintiff's home and seized his personal property.  (*See* Doc. #3 at 6, ¶28).[4]

Plaintiff nonetheless urges that, in light of the decisions in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Wolfe v. Perry*, 412 F.3d 707 (6th Cir. 2005), the accrual date of his cause of action was forestalled until the criminal charges against him were dismissed on February 7, 2007.  (*See* Doc. #31 at 3).  The error of Plaintiff's position, however, is exposed both by post-*Heck* case law and by a careful reading of the *Heck* decision itself.  Even in the context of holding that a § 1983 plaintiff may not recover damages for injuries related to a conviction that has not been set aside, the Supreme Court in *Heck* specifically recognized that "a suit for damages attributable to an allegedly unreasonable search may lie **even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction**."

---

[4] Even if Plaintiff did not become aware of the search on the date that it occurred, the fact that he sought to challenge the seized evidence by way of a motion to suppress shows that he was aware not only of the search, but also of grounds for questioning its validity, well before the date of his conviction.  *See Pethel*, 2007 WL 2359765, at *9 (plaintiff's motion to suppress evidence found during allegedly illegal search "forecloses any finding that he did not know of his injury" until later).

*Heck*, 512 U.S. at 487 n.7 (emphasis added). Although the appellate court in *Wolfe* interpreted *Heck* to mean "that the statute of limitations applicable to [a] § 1983 claim . . . did not begin to run until dismissal of the criminal charges" against a would-be Section 1983 plaintiff, *see Wolfe*, 412 F.3d at 714-15 (citing *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394 (6th Cir.), *cert. denied*, 528 U.S. 1021 (1999)), the Supreme Court corrected that mis-impression in *Wallace*, 549 U.S. at 393. There, that Court made clear that the *Heck* principle does <u>not</u> apply to "*an anticipated future conviction.*" *Id.* (emphasis in original). Acknowledging that "§ 1983 actions . . . sometimes accrue before the setting aside of – indeed, even before the existence of – the related criminal conviction," the Court alluded to the possibility that the running of the statute of limitations might be tolled during the time between a prospective plaintiff's conviction and the date that such conviction is set aside. *Id.* at 394. Declining "to adopt a federal tolling rule to this effect," however, the Supreme Court explicitly deferred to state law tolling provisions as to that issue. *Id.*

Decisions in this Circuit subsequent to *Wallace* have responded to that decision by disavowing the holdings of *Shamaeizadeh* and its progeny, such as *Wolfe*, on which Plaintiff seeks to rely. In *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007), the Sixth Circuit acknowledged that "the Supreme Court's decision in

6

*Wallace* . . . effectively abrogates the holding in *Shamaeizadeh*" and clarifies *Heck*'s limited application in Section 1983 cases. Similarly, in *Eidson*, the Circuit Court noted that *Shamaeizadeh* "has been divested of continued vitality" by the Supreme Court's decision in *Wallace*, which "specifically held that *Heck* is not to be extended into the pre-conviction arena" because "the common abstention practice of staying the § 1983 action would afford adequate protection to the plaintiff." 510 F.3d at 639.

In this district, a plaintiff was found to have had "a complete and present cause for action" for unlawful search and seizure under the Fourth Amendment as of the date of the defective search he was challenging, time-barred because he did not file suit within two years. *Pethel v. Washington County Sheriff's Office*, No. 2:06-cv-799, 2007 WL 2359765, at *9 (S.D. Ohio Aug. 16, 2007) (Holschuh, J.). Also compelling are the similar circumstances in *Stanley*, *supra*, where Judge Holschuh found that the plaintiffs' Section 1983 cause of action for unlawful search and seizure, having accrued on "the date of the search and seizure, and not on the date the state court finally determined that the seizure was illegal," was barred by Ohio's two year statute of limitations. 2009 WL 485491, at *5.

As this Court's original Report and Recommendation states, Ohio law has no tolling provision that would apply to Plaintiff's circumstances, and those

7

circumstances also do not warrant the extraordinary remedy of equitable tolling. (*See* Doc. #29 at 15-18). Absent any grounds for tolling the running of the applicable two year statute of limitations, the period for bringing a Section 1983 action based on the unlawful search and seizure that took place on November 23, 1998 (Doc. #3 at 6, ¶28) had lapsed long before Plaintiff filed his complaint on October 6, 2008. (*See* Doc. #3). Defendants' motions for judgment on the pleadings (Docs. ##13, 16) thus are well taken as to that additional claim as well.

**IT IS THEREFORE RECOMMENDED** that Defendants' motions for judgment on the pleadings (Doc. ##13, 16) also be GRANTED as to Plaintiff's additional Fourth Amendment claim under 42 U.S.C. § 1983 for unlawful search and seizure. (*See* Doc. #3, Claim V).


December 10, 2009                   s/Sharon L. Ovington
                                    Sharon L. Ovington
                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).